UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHIEVY N. JONES,

    Petitioner,

v.                                  Case No. 3:15-cv-749-J-39MCR

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____

**ORDER**

**I.    INTRODUCTION**

Petitioner Chievy N. Jones challenges a 1997 Duval County conviction for first degree felony murder (count 1), two counts of armed kidnaping (counts 2 & 3), and one count of armed robbery (count 4). Petitioner raises three claims for habeas relief in his Petition (Doc. 1). Respondents filed an Answer in Response to Order to Show Cause (Response) (Doc. 11) with supporting Exhibits (Docs. 11 & 14).[1] Petitioner filed a Reply to Respondents' Response (Reply) (Doc. 12). See Order (Doc. 4).

---

[1] The Court hereinafter refers to the exhibits contained in the Appendices as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

## II.  CLAIMS OF PETITION

Petitioner raises three grounds in his Petition: (1) the imposition of an invalid, unlawful and illegal sentence for felony murder; (2) the failure to reclassify armed robbery with a firearm, resulting in an illegal habitual violent felony offender (HVFO) designation; and (3) the trial court's error in failing to have a penalty phase hearing, preventing the jury from determining Petitioner's sentence.

Respondents urge this Court to deny the Petition. Response at 35. The Court will address the three grounds raised in the Petition, see Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

## III.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., 871 F.3d 1231, 1243 (11th Cir. 2017). As such, AEDPA ensures that federal habeas relief is limited to extreme malfunctions, and not used as a means to attempt to correct state court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 132 S.Ct. 38, 43 (2011)).

The Eleventh Circuit recently outlined the parameters of review:

> Thus, under AEDPA, a person in custody pursuant to the judgment of a state court shall not be granted habeas relief on a claim "that was adjudicated on the merits in State court proceedings" unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court—not Supreme Court dicta, nor the opinions of this Court." Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014).
>
> As for the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Terry Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may "grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts." Id. at 413, 120 S.Ct. 1495. "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting Lockyer v. Andrade, 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). And "an 'unreasonable application of' [Supreme Court] holdings must

> be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, --- U.S. ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam) (quotation omitted). To overcome this substantial hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). This is "meant to be" a difficult standard to meet. Id. at 102, 131 S.Ct. 770.

Pittman, 871 F.3d at 1243-44.

There is a presumption of correctness of state court's factual findings, unless the presumption is rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The standard of proof is demanding, requiring that a claim be highly probable. Bishop v. Warden, GDCP, 726 F.3d 1243, 1258 (11th Cir. 2013), cert. denied, 135 S.Ct. 67 (2014). Also, the trial court's determination will not be superseded if reasonable minds might disagree about the factual finding. Brumfield v. Cain, 135 S.Ct. 2269, 2277 (2015). Also of note, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)), cert. denied, 568 U.S. 1233 (2013).

In applying AEDPA deference, the first step is to identify the last state court decision that evaluated the claim on its merits.

Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016).[2] Once identified, the Court reviews the state court's decision, "not necessarily its rationale." Pittman, 871 F.3d at 1244 (quoting Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 785 (11th Cir. 2003) (citation omitted)).

Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the last adjudication on the merits is unaccompanied by an explanation, the petitioner must demonstrate there was no reasonable basis for the state court to deny relief. Id. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded

---

[2] As suggested by the Eleventh Circuit in Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), petition for cert. filed, (U.S. Sept. 29, 2017) (No. 17-512), in order to avoid any complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; Marshall, 828 F.3d at 1285.

Although the § 2254(d) standard is difficult to meet, it was meant to be difficult. Rimmer v. Sec'y, Fla. Dep't of Corr., No. 15-14257, 2017 WL 5476795, at *11 (11th Cir. Nov. 15, 2017) (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error). Indeed, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

## IV. PROCEDURAL HISTORY

Respondents provide an in-depth procedural history in their Response, Response at 2-16, and relevant Exhibits (Docs. 11 & 14).

## V. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Ground One

In his first ground, Petitioner claims he was sentenced to an invalid, unlawful, and illegal sentence for felony murder. Petition at 5. In the supporting facts, he states: "[f]elony murder conviction was committed during 95-182 and/or 95-184 were [sic] Florida Supreme Court ruled it was unconstitutional and

violates the single subject rule of Art. 3 Section (6) of Florida Constitution[.]"  Id.

With regard to the question of exhaustion, Respondents note that Petitioner exhausted this ground by presenting it in the direct appeal of his resentencing in a pro se brief, after his counsel filed an Anders brief.[3]  Response at 25.  Ex. VV at 8; Ex. WW.  The First District Court of Appeal (1st DCA) affirmed per curiam.  Ex. XX. The mandate issued on November 20, 2012.  Id.

The record shows the following.  Through indictment, Petitioner was charged with murder in the first degree, armed kidnaping (2 counts), armed robbery, aggravated battery, and possession of a firearm by a convicted felon.  Ex. A at 7-8.  The state filed a Notice of Intent to Classify Defendant as a Habitual Violent Felony Offender.  Id. at 92.  The possession charge was severed for trial.  Id. at 7.  The jury trial began January 21, 1997. Ex. C.  At trial, defense counsel recognized that Petitioner had been charged in the alternative, premeditated or felony murder, and counsel argued that a motion for judgment of acquittal should be granted as to premeditated design on the murder count.  Ex. D at 339.  The state countered this argument, asserting the issue of determining premeditation or felony murder is a factual determination which should be made by the jury upon deliberation. Id. at 340.  The court agreed with the state and denied the motion

---

[3] Anders v. California, 386 U.S. 738 (1967).

for judgment of acquittal with respect to the premeditation issue, as well as in all other respects. Id. at 340-42.

The prosecutor, in closing arguments, stated there was a robbery, Petitioner took the victim's property, and it was "felony murder, plain and simple." Id. at 387. The prosecutor argued the offense amounted to first degree felony murder. Id. at 389. He reminded the jury that even if somebody else pulls the trigger, if the killing is part of the robbery, it amounts to felony murder. Id. at 392.

In its charge to the jury, the court provided instructions for both premeditated and felony murder. Ex. E at 440-42. In doing so, the court listed the elements of premeditated murder, followed by the elements of first degree felony murder. Id. The jury returned a verdict as to count one: guilty as charged in the indictment. Id. at 479. The verdict form did not allow for the jury to distinguish its verdict between premeditated or felony murder. Ex. A at 134. The verdict succinctly states the defendant is guilty of murder in the first degree as charged in the indictment. Id. The Judgment simply references murder in the first degree. Ex. A at 148.

Upon consideration, Petitioner's claim raised in ground one has no merit because he does not have standing to challenge chapter 95-182 on single subject rule grounds with regard to his conviction and sentence for murder in the first degree because he was not sentenced as an HVFO on his conviction for first degree murder.

Response at 28; Ex. A at 148-54. See State v. Thompson, 750 So.2d 643, 649 (Fla. 1999) (per curiam). Petitioner was convicted as an HVFO only with regard to counts 2, 3, and 4, not count 1, the first degree murder count. Ex. A at 153. The record reflects that he was sentenced to a term of natural life without parole on count 1, the crime of first degree murder. Id. at 151.

In this instance, there is a qualifying state court decision and AEDPA deference is warranted. The adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to habeas relief on ground one because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts.

### B. Ground Two

In his second ground, Petitioner raises the following claim: a failure to reclassify armed robbery with a firearm, resulting in an illegal HVFO designation on that count. Petition at 7. Respondents concede that Petitioner exhausted this ground in his pro se brief on direct appeal of his resentencing.[4] Response at 29. Ex. VV at 10. Respondents contend that this ground is without

---

[4] Petitioner raised this same contention in his Rule 3.800(a) motion, Ex. HH, and the circuit court found that Petitioner's conviction for armed robbery was properly adjudicated HVFO. Ex. JJ at 12. See Ex. OO; Ex. XX.

merit as armed robbery with a firearm is a first degree felony punishable by life, and is therefore susceptible to an enhanced sentence as an HVFO. Response at 30.

The 1st DCA per curiam affirmed. Ex. XX. Its decision is due AEDPA deference. Petitioner has failed to show that the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. The state court's adjudication of this claim is not contrary to or an unreasonable application of clearly established Federal law, or based on an unreasonable determination of the facts. Thus, ground two is due to be denied.

Petitioner raised this same issue in an Amended Rule 3.850 Motion for Post-Conviction Relief, couched in terms of ineffective assistance of counsel. Ex. CCC at 8-9. In denying the amended Rule 3.850 motion, the circuit court concluded "it is not illegal to impose an HVFO designation on an armed robbery conviction." Id. at 27 (citations omitted). The 1st DCA affirmed. Ex. FFF. The mandate issued on April 23, 2015. Ex. HHH.

Of note, "first-degree felonies punishable by a term of years not exceeding life imprisonment are subject to enhancement under the habitual offender statute." Burdick v. State, 594 So.2d 267, 271 (1992) (footnote omitted). In a case similar to the one at bar, the Third District Court of Appeal (3rd DCA) explained that the Florida Supreme Court declared chapter 95-182 unconstitutional

on account of a violation of the single subject rule, and the window period for unconstitutionality ran from October 1, 1995, through May 24, 1997. Sims v. State, 997 So.2d 1166, 1666-67 (Fla. 3rd DCA 2008). But, the 3rd DCA denied relief with respect to the challenge to the HVFO sentence concerning the armed robbery count, finding habitualization permissible because a conviction for armed robbery with a firearm is a first-degree felony punishable by life imprisonment, allowing for an adjudication as an HVFO. Id. at 1167.

Upon review, Petitioner is not entitled to habeas relief on ground two. Petitioner cannot establish that the state court's decision denying his claim for relief concerning his enhanced sentence for armed robbery with a firearm was contrary to or an unreasonable application of federal law.

Moreover, even assuming that the state court's adjudication of this claim is not entitled to deference, such a claim presents an issue purely of state law that is not cognizable on federal habeas review. The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.[5] Coleman v. Thompson, 501 U.S. 722 (1991).

---

[5] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

Petitioner's HVFO sentence does not violate the United States Constitution, and he is not entitled to habeas relief on the second ground of the Petition.

**C. Ground Three**

In his third and final ground, Petitioner raises the following claim: the trial court erred in failing to have a penalty phase hearing, preventing the jury from determining Petitioner's sentence. Petition at 8. In their Response at 31, Respondents note that Petitioner exhausted this ground by raising it in his Amended Rule 3.850 motion for post conviction relief. Ex. CCC at 1-18. Significantly, the circuit court, in addressing Petitioner's resentencing claims, recognized that Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004) do not apply retroactively, and would not have applied to Petitioner's HVFO designation with respect to the armed robbery conviction and sentence and its fifteen-year minimum mandatory provision. Ex. CCC at 25.

Importantly, the imposition of the HVFO sentence was based upon Petitioner's status as a recidivist felon. As such, Apprendi and its progeny is inapplicable. Ex. CCC at 26. The 1st DCA affirmed the circuit court's decision. Ex. FFF.

This Court presumes that the 1st DCA adjudicated the claim on its merits, as there is an absence of any indication or state-law procedural principles to the contrary. Also of note, the last adjudication on the merits is unaccompanied by an explanation.

Thus, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. He has not accomplished that task.

Indeed, if there is any reasonable basis for the court to deny relief, the denial must be given deference. Here, deference under AEDPA should be given to the 1st DCA's adjudication. Petitioner has failed to show that the state court's ruling on the claim raised in ground three was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. The 1st DCA's decision is not inconsistent with Supreme Court precedent. The state court's adjudication of this claim is not contrary to or an unreasonable application of federal constitutional law, or based on an unreasonable determination of the facts. Thus, ground three is due to be denied.

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim, nevertheless, is without merit. On June 26, 2000, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. As the Court clarified on June 24, 2004, "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in

the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303 (emphasis omitted).

Recognizing recidivism as a traditional basis for a sentencing court's increasing an offender's sentence, the Apprendi Court declined to revisit Almendarez-Torres v. United States, 523 U.S. 224 (1998). Apprendi, 530 U.S. at 488-90. In Almendarez-Torres, the Court established that a defendant's prior conviction is merely "a sentencing factor" that does not have to be submitted to the jury and proved beyond a reasonable doubt. Almendarez-Torres, 523 U.S. at 226-27, 235. See Teater v. McNeil, No.10-22275-Civ-MORENO, 2011 WL 855268, at *11 (S.D. Fla. Feb. 16, 2011) (Florida's habitual felony offender and habitual violent felony offender statutes, allowing the enhancement of sentences for recidivism, are not unconstitutional based on Apprendi and its progeny), report and recommendation adopted by 2011 WL 860857 (S.D. Fla. Mar. 9, 2011); West v. State, 82 So.3d 987, 989 (Fla. 1st DCA 2011) (per curiam) ("the Apprendi challenge has been repeatedly rejected by courts of this state, and the recidivist issue was rejected by the Supreme Court in Almendarez-Torres").

The United States Supreme Court has not overruled Almendarez-Torres, and its holding remains binding precedent in this Circuit. See United States v. O'Brien, 130 S.Ct. 2169, 2174, 2180 (2010) (holding the machine gun provision is an element of the offense, not a sentencing factor, but recognizing the Almendarez-Torres exception); Rita v. United States, 551 U.S. 338, 387 n.1 (2007)

("We recognized a single exception to this rule, permitting reliance on the fact of a prior conviction without a jury determination that the defendant had previously been convicted.")

In addressing a Sixth Amendment claim that a prior conviction could not be relied upon because it was not found by a jury beyond a reasonable doubt, the Eleventh Circuit opined:

> Both Supreme Court and this circuit's precedent foreclose [Petitioner]'s arguments. The Supreme Court has held that neither the Constitution nor any statute is violated when a prior offense, not charged in the indictment, is used to increase a sentence. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We have applied <u>Almendarez-Torres</u> in holding that a district court does not violate the Sixth Amendment when a statutory maximum sentence is increased based upon judicial findings of prior convictions that were never proved to a jury beyond a reasonable doubt or affirmatively admitted by the defendant in his plea hearing. <u>See</u> <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005). Moreover, we have held that neither <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), nor <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) disturbed the Supreme Court's holding in <u>Almendarez v. Torres</u>. <u>Id</u>. Although various justices of the Supreme Court have questioned the soundness of <u>Almendarez-Torres</u> in subsequent decisions, until it is expressly overruled, we are bound to follow it. <u>See</u> <u>United States v. Greer</u>, 440 F.3d 1267, 1273 (11th Cir. 2006).

<u>United States v. McCain</u>, 358 F. App'x 51, 52 (11th Cir. 2009) (per curiam); <u>see</u> <u>United States v. Beasley</u>, 447 F. App'x 32, 37 (11th Cir. 2011) (per curiam); <u>United States v. Michel</u>, 430 F. App'x 838,

839 (11th Cir. 2011) (per curiam), cert. denied, 565 U.S. 956 (2011).

Just as the Eleventh Circuit has acknowledged that it is "bound to follow Almendarez-Torres unless and until the Supreme Court itself overrules that decision[,]" United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001), cert. denied, 533 U.S. 960 (2001), this Court is bound to follow Almendarez-Torres. Thus, Petitioner's claim raised in ground three does not warrant federal habeas corpus relief.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[6] Because this Court

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of November, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 11/21
c:
Chievy N. Jones
Counsel of Record